**AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, LOCAL 421, et al., Plaintiffs,**

v.

**James SCHLESINGER, Secretary, Department of Energy, Defendant.**

**Civ. A. No. 77–1985.**

United States District Court, District of Columbia.

Jan. 13, 1978.

L. M. Pellerzi, Mark D. Roth, James R. Rosa, Washington, D. C., for plaintiffs.

Karen I. Ward, Asst. U. S. Atty., Washington, D. C., for defendant.

## MEMORANDUM

GESELL, District Judge.

Plaintiffs seek to enjoin the Department of Energy from requiring its employees to answer portions of a detailed questionnaire that plaintiffs claim intrudes unnecessarily into the rights of Energy employees to free association and privacy protected by the First Amendment of the Constitution. The Department, at the Court's suggestion, postponed the required date for response to the questionnaire pending a hearing. The matter was expedited. Cross-motions for summary judgment have now been filed, briefed, and argued. No material facts are in dispute.

A full copy of the questionnaire (Form DOE–459) is attached. Part A is not challenged.[1] It focuses on the employees' direct or indirect interest in energy-related concerns—associations, stock holdings, financial interests, debts, and the like—and is amply supported by section 603(b) of the Department of Energy Organization Act ("Energy Act"), Pub.L.No. 95–91, 91 Stat. 593 (1977). Part B seeks the identical information with regard to interests considered by the employee not to be energy concerns.

Part B, section I(a) now requires:

List the names of all corporations, companies, firms or other business enterprises, partnerships, nonprofit organizations and educational, or other institutions (a) with which you, your spouse, minor child, or dependent(s) are connected as an employee, officer, owner, director, trustee, partner, adviser, or consultant or with which

you are negotiating or have any arrangement concerning prospective employment . . . .[2]

This sweeping and somewhat undefined demand will produce a wealth of personal information to be submitted to the employee's supervisor and filed eventually in the General Counsel's office. As originally written it sought even memberships, but this was stricken after the suit was filed. This slight adjustment and the fact the data will not be made public does not extricate defendant from the inherent overreach and unreasonableness of the demand. Reporting is required whenever an employee's spouse, minor child, dependent, or the employee himself is an official or adviser of his church, his fraternity, his school, any charity, or almost any cause, whether it be concerned with some aspect of the environment, alcohol, abortion, or union activity. There is no end to the ramifications of this inquiry. The Department offers no justification the Court finds persuasive.

The Department apparently has two interests it seeks to protect by Part B of the questionnaire. First, it asks for disclosure to enable it to determine whether the employee has any interest in an energy concern which should have been reported under Part A. Many energy interests are unknown or so remote that they would be overlooked by a conscientious employee. Second, the Department wants data that will enable it to counsel employees on potential or actual conflicts of interest that may exist or arise as work assignments and duties progress.

But Congress provided at § 601(c) of the Act that the Agency would identify those entities it considers to be energy concerns. It did not contemplate that every employee would be required to disgorge data which the Department would then investigate in its search for energy concerns. The Department has put the cart before the horse.

---

1. Neither are Parts C and D challenged.

2. Section 1(a) as originally promulgated and as reprinted in the Attachment also required a

listing of all simple memberships. This requirement was abandoned by the Department during the pendency of this suit.

■ In this immediately post-Watergate period, the view exists that conflicts of interest can be expunged by forcing intimate disclosures from those dealing with or acting for the government. Within limits this may be sound, but we must beware lest excessive zeal in this direction destroy more precious fundamental values. People, even people working for the government, have within reason the right to be left alone. Consider what has happened here. The Department of Energy embodies an obvious potential for conflicts of interest. Congress properly required disclosure of interests in energy concerns. But what does the ultimate questionnaire ask? It prys into religious, social, political, educational, and fraternal associations both of the employee, the employee's spouse, his minor children and dependents. This is too much.

■ As technology for storing, correlating, and regurgitating information improves and government inquisitiveness grows in geometric progression, the courts charged with protecting free association and expression must be alert to possibilities of abuse. "The right to be left alone," Justice Douglas has written, "is indeed the beginning of all freedom." *Public Utilities Commission v. Pollak*, 343 U.S. 451, 467, 72 S.Ct. 813, 823, 96 L.Ed. 1068 (1952) (dissenting opinion). Assemblies of personal information should not automatically occur at the whim of every bureaucrat. The Supreme Court has spoken authoritatively. An individual's association with groups concerned with political, economic, religious or cultural matters is normally his own business and no one else's. Before data can be gathered in these privacy areas, the government must "convincingly show a substantial relation between the information sought and a subject of overriding and compelling state interest." *Gibson v. Florida Legislative Investigation Committee*, 372 U.S. 539, 546, 83 S.Ct. 889, 894, 9 L.Ed.2d 929 (1963); *accord, e. g., Bates v. City of Little Rock*, 361 U.S. 516, 524, 80 S.Ct. 412, 4 L.Ed.2d 480 (1960); *NAACP v. Alabama*, 357 U.S. 449, 464, 78 S.Ct. 1163, 2 L.Ed.2d 1488 (1958). There is no statutory authority for this intrusion. It finds no support in Executive Order 11222, 3 C.F.R. 306 (1965), which permits inquiry only into "financial interests." *Id.* § 402. It is not authorized by the Energy Act, which is addressed only to "energy concerns." It exceeds proper bounds and is unreasonable and repressive. Government employees do not waive all their constitutional rights when they enter public service. The First Amendment requires that section (I)(a) of Part B be eliminated from the questionnaire, and all who have already responded shall be granted the right to have the information submitted returned to them and expunged from the Department's files upon written request made within twenty days of notice, as provided in the attached judgment.

■ The remaining portions of Part B of the questionnaire may well be authorized by Executive Order 11222. Since the Department has no regulations implementing the Order, however, it must proceed under the general Civil Service implementing regulations, 5 C.F.R. §§ 735.101–.412 (1976), and to do this must obtain Commission approval and publish notice in the *Federal Register. Id.* § 735.104(f). The Department has not so proceeded. It notes that most of its employees formerly worked for agencies now merged into the Department, where they were subject, with full Commission approval, to reporting requirements very similar to Part B. In addition, section 705, the savings provision of the Energy Act, continues in effect all rules, regulations, and determinations of any merged agency until set aside by authorized officials, a court, or operation of law. Since the reporting requirements of these merged agencies continue in operation, the Department argues, its actions under the Executive Order are exempt from Civil Service approval.

The Court does not agree. In the first place, many Department employees were never members of predecessor agencies and thus perhaps were not subject to disclosure requirements. Furthermore, the catch-all

savings provision of the Act seems to the Court insufficient to warrant a wholesale transfer of Civil Service approval to the Department of Energy to proceed as it wishes under the Executive Order without promulgating regulations. Given the Department's authority under Section 603 of the Energy Act to request information under Part A, one may well question whether the remaining sections of Part B, even if comprehended by the broad terms of the Executive Order, are necessary to effectuate the purposes of the Order or are drawn narrowly enough to satisfy the overbreadth doctrine. *See Carmel-by-the-Sea v. Young,* 2 Cal.3d 259, 85 Cal.Rptr. 1, 466 P.2d 225 (1970); *cf. Keyishian v. Board of Regents,* 385 U.S. 589, 602, 87 S.Ct. 675, 17 L.Ed.2d 629 (1967); *National Treasury Employees Union v. Fasser,* 428 F.Supp. 295, 298 (D.D. C.1976).

■ It has long been recognized that some tolerance is allowable where financial data is gathered in situations like this to assure that information of possible relevance is obtained, and some intrusion into private fact that may prove unnecessary must be tolerated to assure the governmental purpose is achieved. *See Buckley v. Valeo,* 424 U.S. 1, 96 S.Ct. 612, 46 L.Ed.2d 659 (1976); *O'Brien v. DiGrazia,* 544 F.2d 543 (1st Cir. 1976), *cert. denied,* 431 U.S. 914, 97 S.Ct. 2173, 53 L.Ed.2d 223 (1977); *Stein v. Howlett,* 52 Ill.2d 570, 289 N.E.2d 409 (1972), *appeal dismissed,* 412 U.S. 925, 93 S.Ct. 2750, 37 L.Ed.2d 152 (1973). In this instance the Department points to the variety of energy concerns that have not been identified and to the consequent need for data to permit a later determination as to the status of concerns in which an employee has an interest. The Department appears to have swept very broadly, although perhaps justifiably, given the special circumstances it confronts in its attempt to identify existing or potential conflicts. It will be for the Civil Service Commission closely to scrutinize this broad effort in the light of the purposes of the Executive Order, and the operation of section 603 of the Energy Act.

The case will be remanded to enable defendant to seek Commission approval for proceeding under the Executive Order. The Commission's approval is a condition precedent to any further use of the remainder of Part B. Obviously, if the Commission disapproves in whole or in part, the information already collected will be subject to return upon the same conditions as that collected under section I(a) of Part B.

■ Before remanding it is appropriate to make one further point. Plaintiffs argue that even if the remainder of Part B is authorized by the Executive Order and approved by the Civil Service Commission, the Privacy Act of 1974, 5 U.S.C. § 552a(1976), adopted nine years after the Order, prohibits any use of the information collected under Part B. That statute permits the unconsented maintenance of a "record of how any individual exercises rights guaranteed by the First Amendment" only under authority of a statute or within the scope of law enforcement activities. *Id.* § 552a(e)(7). Even assuming that the remainder of Part B implicates activities protected by the First Amendment, it is not necessary to determine whether in this context the Executive Order has the force of a statute for purposes of the Privacy Act because it is clear the system of records is being developed for law enforcement purposes within the meaning of that Act. Congress anticipated that agencies would take reasonable steps to prevent conflicts of interest and recognized that such efforts would be within the concept of law enforcement. *See* 120 *Cong.Rec.* 36651 (1974) (Rep. Ichord).

Summary judgment is granted plaintiffs and denied defendants, and the case is remanded to the Secretary of the Department of Energy for further proceedings not inconsistent with this opinion.

SO ORDERED.

[See following illustrations]

ATTACHMENT to MEMORANDUM
1/13/78    C.A. 77-1985

**OCT 28 1977**

Department of Energy
Washington, D.C.  20545

**FILED**

JAN 13 1978

MEMORANDUM FOR:  All DOE Employees

JAMES F. DAVEY

SUBJECT:  REPORT OF FINANCIAL INTERESTS

As indicated in the Secretary's September 23, 1977, memorandum to all employees, the DOE Organization Act contains a number of provisions relating to conflicts of interest.  Included are (i) a requirement that supervisory employees transferred to DOE by the Act report their prohibited energy concern assets within 30 days of transfer (§602), and (ii) a requirement for the annual reporting of financial interests in energy concerns held by all employees, and their spouses and dependents, with the first such report due within 30 days after the employee commences service in the Department (§603).

In order to fulfill the above and other legal reporting requirements to which DOE employees are subject, all employees described below are requested to complete Form DOE-459 (two copies attached).  One copy of the completed form is to be submitted to the employee's immediate supervisor by c.o.b. October 31, 1977; the other copy may be retained by the employee.

The following categories of employees are subject to the reporting requirements of this memorandum:

(1)  All employees occupying positions at or above GS-13, or the equivalent thereto;

(2)  All auditors;

(3)  All investigators;

(4)  All case resolution officers;

(5)  All officers and employees transferred from the Federal Energy Administration not exempted from filing a statement of known financial interests by Appendix E of 10 CFR Part 203;

(6)  All employees of Federal Energy Regulatory Commission; and

(7)  All attorneys, including legal interns, performing legal functions.

All DOE Employees                    - 2 -

Pursuant to §603(e) of the Act, the Secretary has extended the time for reporting by other persons occupying positions at or below GS-12 (and not described above) until January 29, 1978, or until 30 days following publication of a list of positions at GS-12 or below that are exempted from reporting because they are of a nonregulatory or nonpolicymaking nature, whichever first occurs.

At this time, the following are considered supervisory employees and should so indicate on page 1 of Form DOE-459:

(1)  an individual holding a position in the Department at GS-16, GS-17, or GS-18 of the General Schedule or at level I, II, III, IV, or V of the Executive Schedule, or who is in a position at a comparable or higher level on any other Federal pay scale, or who holds a position pursuant to subsection (b) or (d) of section 621 of the Act, or who is an expert or consultant employed pursuant to section 3109 of title 5, United States Code, for more than ninety days in any calendar year and receives compensation at an annual rate equal to or in excess of the minimum rate prescribed for individuals at GS-16 of the General Schedule;

(2)  the Director or Deputy Director of any State, regional, district, local, or other field office maintained pursuant to section 650 of the Act;

(3)  an employee or officer who has primary responsibility for the award, review, modification, or termination of any grant, contract, award, or fund transfer within the authority of the Secretary; and

(4)  any other employee or officer who has been determined to be a supervisory employee by the Secretary or his designee and who has been so advised.

A list of entities determined to be energy concerns is not yet available. Therefore, in completing Form DOE-459 each employee is expected to rely on his or her own judgment as to what should be reported in Part A of the form as falling within the definition of energy concern set forth on page 2 of the form.  It should be recognized, however, that all other interests are required to be reported in Part B of the form, and responsibility for final determination as to what is an energy concern rests with the Secretary.

Eric J. Fygi
Acting General Counsel

Attachment:
As stated

438

C A U T I O N

Form DOE-459

PRIVACY ACT DOCUMENT

Supervisory Employee
☐ Yes
☐ No

REPORT OF FINANCIAL INTERESTS

PRIVACY ACT INFORMATION STATEMENT

(A)  This request for information is authorized by Executive Order 11222, "Prescribing Standards of Ethical Conduct for Government Officers and Employees;" Civil Service Regulations, 5 CFR Part 735 (see also Federal Personnel Manual, Chapter 735); Pub. L. 95-91, 42 USC 7213, and DOE Regulations, 10 CFR Part 1010.  The submission of information is required for all DOE employees other than those occupying positions exempted under 10 CFR 1010.403(a).

(B)  The information is intended to help identify financial and employment interests of the employee or the employee's spouse, minor child, or dependent(s) which create conflicts of interest or the appearance thereof in the context of the employee's duties and responsibilities.

(C)  The uses which may be made of the requested information consist of review by the Head of the employee's Office and the Counselor to assist in determining whether the employee's employment and financial interests conflict or appear to conflict with the performance of official duties; counseling the employee in avoiding conflicts; and assignment of duties. The information may also be used by authorized representatives of the Department of Justice, Civil Service Commission, and the Comptroller General in the course of the performance of their law enforcement and administrative responsibilities.  Information provided in Part A shall be available to the public in accordance with 42 USC 7217 and 10 CFR 1010.402.

(D)  Failure to provide all of the requested information may result in disciplinary action or denial of employment.  (10 CFR 1010.502)

### GENERAL INSTRUCTIONS TO EMPLOYEE

1.  All DOE employees except those occupying positions listed in Appendix I of 10 CFR Part 1010 shall complete this form.  Submit this report to the Head of your Office.  If additional pages are necessary, attach them hereto and identify them by reference to the appropriate Part(s) of the statement.

2.  This report is made on a calendar year basis and is to include interests held at any time during the reporting period even if no longer held at the time the report is made.  New employees shall report for the current year through the date of the report; all others shall report for the immediately previous calendar year ending December 31.  Employees transferred to DOE shall be considered new employees for purposes of their initial report.

3.  The interest, if any, of a spouse, minor child or dependent (as dependent is defined by section 152 of the Internal Revenue Code of 1954), shall be reported in this statement as your interest.  If the interest is held by your spouse, minor child or dependent, indicate with an "X" to the left of the block where that interest is reported.

- 2 -

4. It is your responsibility to provide all requested information. In the event you are not permitted access to any of the required information, such as holdings placed in certain forms of trust, but that information is known to another person, you should request that other person to submit the information on your behalf and should report such request in your statement. The information submitted on your behalf should be submitted to the Head of your Office. Also report in your statement requests made to other persons to furnish required information directly to you when responses to the requests have not been received.

5. "Energy concern" means:

(1) Any person or entity holding an interest in property from which coal, natural gas, crude oil, nuclear material or a renewable resource is commercially produced or obtained;

(2) Any person or entity significantly engaged in the business of:

(i) Developing, extracting, producing, refining, transporting by pipeline, converting into synthetic fuel, distributing, or selling minerals for use as an energy source, or in the generation or transmission of energy from such minerals or from wastes or renewable resources;

(ii) Producing, generating, transmitting, distributing, or selling electric power;

(iii) Development, production, processing, sale, or distribution of nuclear materials, facilities, or technology; or

(iv) Conducting research, development, or demonstration releated to an activity described in paragraphs (1), (2)(i), (2)(ii) or (2)(iii); or

(3) Any person or entity significantly engaged, whether or not for profit, in conducting such research, development, or demonstration related to an activity described in paragraphs (1), (2)(i), (2)(ii) or (2)(iii) with financial assistance under any Act the functions of which are vested in or delegated or transferred to the Secretary or the Department; and

(4) For the purposes of reports required by Pub. L. 94-163 and Pub. L. 95-39, "energy concern" includes "energy businesses" and "energy properties" as those terms are used in those Acts.

6. Notwithstanding the filing of this report, each employee shall at all times avoid acquiring a financial interest that could result, or taking an action that would result, in a violation of the conflicts of interest provisions of 10 CFR Part 1010.

Form DOE-459

### DEPARTMENT OF ENERGY

### PART A -- STATEMENT OF INTERESTS IN ENERGY CONCERNS

(See Attached Sheet for General Instructions)

1. NAME (Last, first, initial)    2. DATE OF SUBMISSION

3. TITLE OF POSITION             4. OFFICE AND/OR DIVISION

I. EMPLOYMENT AND FINANCIAL INTERESTS

List the names of all corporations, companies, firms, or other business enterprises, partnerships, nonprofit organizations, and educational, or other institutions which are, or you believe to be, energy concerns (a) with which you, your spouse, minor child, or dependent(s) are connected as an employee, officer, owner, director, member, trustee, partner, adviser, or consultant or with which you are negotiating or have any arrangement concerning prospective employment; or (b) in which you, your spouse, minor child, or dependent(s) have any continuing financial interests through a pension or retirement plan, shared income, or other arrangement as a result of any current or prior employment or business or professional association; or (c) in which you, your spouse, minor child, or dependent(s) have any financial interest through the ownership of stock, stock options, bonds, securities, or other arrangements, including trusts. If none, write NONE. Do not abbreviate names of organizations.

| NAME, KIND OF ORGANIZATION AND NATURE OF ACTIVITY (e.g., corporation, partnership, nonprofit organization, etc.) | ADDRESS (or the exchange in which the securities are traded) | (1) NATURE OF FINANCIAL INTERESTS, e.g., stock, prior business income, and (2) total value of or compensation from interest | POSITION IN ORGANIZATION (e.g., employee, officer, owner, etc.) |
|---|---|---|---|
|  |  |  |  |
|  |  | (PUBLIC) |  |

NAME

PART A — ·cont.

II. CREDITORS

List the names of your creditors which are, or you believe to be, energy concerns other than those to whom you may be indebted by reason of a mortgage on property which you occupy as a personal residence or to whom you. may be indebted for current and ordinary household and living expenses such as household furnishings, automobile, education, vacation, and similar expenses. If none, write NONE.

| NAME AND ADDRESS OF CREDITOR | CHARACTER OF INDEBTEDNESS (e.g., Personal Loan, Note, Security) |
|---|---|
|  |  |

III. INTERESTS IN REAL PROPERTY

List your interest in real property or rights in lands from which coal, natural gas, crude oil, nuclear material or a renewable resource is commercially produced or obtained. If none, write NONE.

| NATURE OF INTEREST e.g., ownership, mortgage, lien, investment trust | TYPE OF PROPERTY, e.g., residence, hotel, apartment, farm, undeveloped land, oil and gas rights, other mineral interests, etc. | ADDRESS (If rural, give RFD, or county and State) |
|---|---|---|
|  | (PUBLIC) |  |

Form DOE-459

NAME

PART B -- STATEMENT OF FINANCIAL INTERESTS
(Information reported in Part A need
not be repeated)

I.  EMPLOYMENT AND FINANCIAL INTERESTS

List the names of all corporations, companies, firms, or other
business enterprises, partnerships, nonprofit organizations
and educational, or other institutions (a) with which you, your
spouse, minor child, or dependent(s) are connected as an employee,
officer, owner, director, member, trustee, partner, adviser, or
consultant or with which you are negotiating or have any arrange-
ment concerning prospective employment; or (b) in which you,
your spouse, minor child, or dependent(s) have any continuing
financial interests through a pension or retirement plan, shared
income, or other arrangement as a result of any current or prior
employment or business or professional association; or (c) in
which you, your spouse, minor child, or dependent(s) have any
financial interest through the ownership of stock, stock options,
bonds, securities, or other arrangements, including trusts.  If
none, write NONE.  Do not abbreviate names of organizations.

| NAME, KIND OF ORGANIZATION AND NATURE OF ACTIVITY (e.g., corporation, partnership, nonprofit organization, etc.) | ADDRESS (or the exchange in which the securities are traded) | (1) NATURE OF FINANCIAL INTERESTS, e.g., stock, prior business income, and (2) total value of or compensation from interest | POSITION IN ORGANIZATION (e.g., employee, officer, owner, etc.) |
|---|---|---|---|
| | | | |

NAME

PART B - cont.

II.  CREDITORS

List the names of your creditors other than those to whom you may be indebted by reason of a mortgage on property which you occupy as a personal residence or to whom you may be indebted for current and ordinary household and living expenses such as household furnishings, automobile, education, vacation, and similar expenses.  If none, write NONE.

| NAME AND ADDRESS OF CREDITOR | CHARACTER OF INDEBTEDNESS (e.g., Personal Loan, Note, Security) |
|---|---|
|  |  |

III.  INTERESTS IN REAL PROPERTY

List your interest in real property or rights in lands, other than property which you occupy as a personal residence.  If none, write NONE.

| NATURE OF INTEREST, e.g., ownership, mortgage, lien, investment trust | TYPE OF PROPERTY, e.g., residence, hotel, apartment, farm, undeveloped land, oil and gas rights, other mineral interests, etc. | ADDRESS (If rural, give RFD, or county and State) |
|---|---|---|
|  |  |  |

Form DOE-459

DEPARTMENT OF ENERGY

PART C

1. NAME (Last First, Initial)

2. HOME ADDRESS (Street, City, State, Zip Code)

3. TELEPHONE AND ROOM NUMBERS

   Home:

   Business:

4. TITLE OF POSITION

5. DATE OF APPOINTMENT IN PRESENT POSITION

6. OFFICE AND/OR DIVISION

7. PLEASE INDICATE ONE OF THE FOLLOWING:

   ( ) Regular Employee
   ( ) Special Government Employee
   ( ) IGPA (Intergovernmental Personnel Act)
   ( ) PTA (Professional Term Appointment)
   ( ) President's Executive Interchange Program
   ( ) Other (Specify)

8. PRESENT GRADE OR LEVEL OF PAY:

9. DESCRIPTION OF SERVICES YOU ARE PERFORMING OR WILL BE PERFORMING:

10. INFORMATION REQUESTED OF OTHER PERSONS

    If any information is to be supplied by other persons, e.g., trustee,
    attorney, accountant, relative, please indicate the name and address
    of such persons, the date upon which you requested that the information
    be supplied, and the nature of subject matter involved.  If none,
    write NONE.

| NAME AND ADDRESS | DATE OF REQUEST | NATURE OF SUBJECT MATTER |
|---|---|---|
|  |  |  |

I certify that the statements I have made are true, complete, and
correct to the best of my knowledge and belief.  I understand
falsification of statements on this form is punishable in accord-
ance with law (18 U.S.C. §1001).

_____          _____
Signature                                Date

Form DOE-459
NAME

FOR USE BY DOE

PART D — (For employing office use only) DETERMINATIONS:

Instructions to Head of Office:

CAUTION: Administrative sanctions may be imposed against you for failure to perform review functions properly. (See 10 CFR 1010.502(d)). DO NOT REPRODUCE OR RETAIN COPIES OF THIS FORM. Forward this form to the Counselor.

Under applicable law and DOE regulations:

- No employee is to participate in any particular matter of any type the outcome of which will have a direct and predictable effect upon the financial interests of a business entity, including nonprofit organization or educational institution, by which he is employed or with which he is negotiating for or has any arrangement concerning prospective employment, or to which he renders consultant services, or in which he has a financial interest not exempted under 10 CFR 1010.302.

- No supervisory employee shall knowingly receive compensation from or hold any official relation with any energy concern or own stocks or bonds of any energy concern or have any pecuniary interest therein. (Public Law 95-91, section 602)

1. Head of Office: I have reviewed this statement in relation to the employee's duties and responsibilities and find:

☐ no conflict or apparent conflict of interest.
☐ the following interests pose potential conflict of interest situations:

The following steps have been taken to effect resolution of the potential conflict situations referred to above:

☐ the following questions require resolution:

_____          _____
        Signature                              Date

Form DOE-459
NAME

PART D CONTINUED

2.  Counselor (or deputy counselor):  I have reviewed the statement of
    the employee and the reviewer's findings above and find:

    ☐ no evidence of conflict or apparent conflict of interest.
    ☐ the following interests pose potential conflict of interest:

The following steps have been taken to effect resolution of the potential
conflict situations referred to above:

    ☐ the following questions require resolution:

_____          _____
            .Signature                                Date

            _____

## JUDGMENT

Part B, section I(a) of Form DOE–459 is not authorized by statute or Executive Order and contravenes the First Amendment to the Constitution and shall be and hereby is stricken.  Defendant is directed to notify all employees who have responded to this section of the form that the information thus provided by them will be deleted and returned on written request if made within twenty days from date of notice.  The remaining sections of Part B are not authorized by statute but may be authorized by Executive Order 11222.  As the appropriate procedures for implementing the Order have not been followed, however, no further submissions shall be required, and no use made of information already submitted under those sections until such time as defendant fully complies with the Civil Service regulations implementing the Executive Order, 5 C.F.R. §§ 735.101–.412 (1976), and receives full Commission approval.  If full approval is not forthcoming within six months of the date of this Judgment, employees who have submitted information shall have the same right as do those who submitted information under section I(a) of Part B.

SO ORDERED.